## HOAG v. MADDEN ET AL.

1. **Injunction:** DISMISSAL ON MOTION: NO PREJUDICE FROM IRREGU-
LARITY. Where a temporary injunction was dissolved on bill and
answer, and the cause was afterwards dismissed on motion, based on
the bill and answer and affidavits, *held* that, while that method of dis-
posing of the case was irregular, it was yet no ground of reversal, where
it appeared that plaintiff had no standing in court upon the pleadings.

*Appeal from Clay Circuit Court.*

THURSDAY, MARCH 3.

THIS is an appeal from an order of the circuit court dis-
missing a petition in equity upon motion after answer. The
facts appear in the opinion. Plaintiff appeals.

*Parker & Richardson,* for appellant.

*Hall & Steele,* for appellees.

ROTHROCK, J.—The matter involved in this controversy is
of exceedingly small consequence. The petition is in the
nature of a bill in chancery, from which it appears that the
plaintiff was indebted to the defendant the Northwestern
Manufacturing & Car Company in the amount of over $200
upon certain promissory notes. An action was commenced
on the notes, and pending the action the plaintiff and the
attorneys for the holders of the notes made an oral agree-
ment that if plaintiff would give a chattel mortgage upon
certain property to secure the payment of the debt, and pay
the costs of the original notiᵉe and filing fee, the suit for the
collection of the notes should be dismissed, and the time for
payment of the notes extended. A mortgage was made, and
placed in the hands of defendants' attorneys to await the

approval of the defendants.   The arrangement was approved;
and, when the costs came to be settled, the defendant's attor-
neys, in addition to the filing fees and costs on original
notice, demanded twenty dollars attorney's fees as costs,
This the plaintiff refused to pay.   The attorneys refused to
dismiss the suit on the notes, and retained the mortgage, and
commenced the foreclosure thereof, without action, by notice
and sale.   Thereupon plaintiff commenced this action, claim-
ing that the mortgage was never delivered, was without con-
sideration, and that in the posted notices of sale of the
mortgaged property the defendants were claiming more than
was due, and a temporary injunction was granted restraining
the foreclosure of the mortgage.   The foregoing is the sub-
stance of the averments of the petition.   The petition was
fully answered by defendants, in which issue was taken on
the matter touching the attorney's fee costs, and averring
that the defendants had none of the mortgaged property in
their possession, excepting a mule valued at thirty-five dol-
lars, and a wagon valued at twenty dollars, and that plaintiff
had removed all other mortgaged property out of the county,
and that a mule so removed had died.   The answer, and an
amendment thereto, were verified.   On the fifth day of
March, 1885, the defendants filed a motion in vacation to dis-
solve the injunction.   The motion was based upon the peti-
tion and answer and affidavits.   The motion was sustained.
At the June term, 1885, of the court, the defendant filed a
motion, supported by affidavit, asking that plaintiff's peti-
tion be dismissed.   The motion was sustained, and the suit
dismissed, on the ground that the petition does not state a
cause of action, or entitle the plaintiff to any relief.   The
pleadings are set out in the abstract at great length; and the
plaintiff insists that the petition does state a cause of action,
and does entitle him to relief, and he claims that his
petition could not, after answer, be disposed of by a mere
motion.

   It may be that a motion to dismiss was an irregular

method of practice; but, if the plaintiff had no standing in a court of equity upon the bill and answer, we would not reverse because of the manner in which the court disposed of the case. When the injunction was dissolved there was no obstruction in the way of the mortgage, and one ground of the motion to dismiss was that the mortgage had been foreclosed by a sale of the property. If this was made to appear to the court, as we suppose it was by the affidavit filed in support of the motion, it must have been apparent to the court that the plaintiff was not entitled to any relief by way of an injunction. The suit on the notes, so far as appears, is still pending, and the plaintiff can there contest the right of recovery, and show any other reason why he should not pay the notes; as that they are not really due, and generally that he has been wronged by the defendants. It is to be observed that the plaintiff made no objection to the order dissolving the injunction.

AFFIRMED.